IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

ROBERT RAWLINS       :    CRIMINAL ACTION
              :
  v.           :    No. 04-154-5
              :
UNITED STATES OF AMERICA :

**MEMORANDUM**

**Juan R. Sánchez, J.**                      **November 21, 2013**

   Robert Rawlins, who is serving a 162 month sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine, and aiding and abetting possession of cocaine with intent to distribute, raises several objections to the Report and Recommendation (Report) of United States Magistrate Judge Ruth Miller recommending that Rawlins's pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied. Upon de novo review of Rawlins's objections pursuant to 28 U.S.C. § 636, and for the reasons that follow, this Court overrules the objections, adopts the report, and dismisses Rawlins's motion.

**FACTS**

   Rawlins worked as a baggage handler for Worldwide Flight Services at Cyril E. King Airport in St. Thomas, United States Virgin Islands, and was charged with various drug crimes arising out of a conspiracy among employees at the airport and others to smuggle cocaine onto commercial flights bound for the continental United States.[1] At trial, Dion Brooks (the station

---

[1] As explained by the Third Circuit Court of Appeals:

> This group employed several methods to move cocaine through the airport. The method the conspirators used most often was what we will refer to for the purposes of this opinion as "tag switching" or "tag pulling." The word "tag" refers to the flight tags that airlines affix to checked luggage. All luggage to be loaded onto commercial aircraft requires such a tag. The switching the

1

manager for a small airline called Air Sunshine) and Brent Donovan and Meleek Sylvestor (both airport baggage handlers who worked with Rawlins) testified to Rawlins's involvement with the scheme.  The Government's evidence consisted of the testimony from those defendants, an additional cooperating defendant,[2] an audiotape conversation between Rawlins and a coconspirator,[3] and the testimony of a federal agent investigating the scheme.[4]  In December 2006 Rawlins was convicted of one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846 and four counts[5] of aiding and abetting possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841.  Rawlins was sentenced to 162 months imprisonment.  On May 26, 2010, the Third Circuit affirmed Rawlins's conviction.  Judgment became final on September 28, 2010, ninety days after Rawlins's petition for rehearing was denied.  On September 27, 2011, Rawlins filed a timely motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  This Court

---

> conspirators engaged in involving stealing flight tags from legitimately checked backs and affixing those tags to bags containing cocaine.  This method allowed the cocaine to be smuggled into the cargo holds of U.S.-bound commercial airplanes.

*United States v. Rawlins*, 606 F.3d 73, 75 (3d Cir. 2010)

[2] The fourth cooperating defendant is Danny Rawlins, who is of no relation to Robert Rawlins.

[3] This conversation took place on August 30, 2004, between Rawlins, Alaric Thomas, and Sylvester.  Sylvestor, who was cooperating with the Government, arranged for the conversation so Rawlins and Thomas could get to know each other and continue the smuggling operation. The three men discussed smuggling drugs through the airport, Rawlins offered to help Thomas moved drugs, and the two exchanged cell phone numbers.

[4] Federal Agent Darnell Blake's testimony corroborated Donovan's statement that Rawlins had placed a blue suitcase on Continental Flight 1902, headed for Newark Airport containing cocaine, which was later seized.

[5] Each count correlates to a specific date on which Rawlins was involved in a smuggling operation.

referred the motion to Magistrate Judge Miller, who issued a Report and Recommendation addressing Rawlins's claims and recommending dismissal of the motion. Rawlins did not file timely objections to the Report; however, he subsequently filed a motion for leave to file a response to the Report, which this Court granted. Each of his objections to the Report is without merit, and this Court will overrule the objections for the reasons set forth below.

**DISCUSSION**

Pursuant to § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence on the grounds that it violates "the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A court may grant such relief only when an error of law or fact constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman,* 378 F.3d 294, 298 (3d Cir. 2004) (citation omitted). The purpose of § 2255 is to ensure individuals are not imprisoned in violation of the Constitution, not to review questions of guilt or innocence. *United States v. Garth,* 188 F.3d 99, 108 (3d Cir. 1999). In his motion, Rawlins raises eight grounds for relief, seven of which are claims of ineffective assistance of his trial or appellate counsel. His remaining claim is "actual innocence." Rawlins also seeks an evidentiary hearing and asks that counsel be appointed.

Rawlins has properly raised his ineffective assistance of counsel claims in his § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (stating an ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal). Where a petitioner seeks relief based upon a claim of ineffective assistance of counsel, the petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

The petitioner must show (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonableness, *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001), and prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694. Rawlins bears the burden of establishing ineffective assistance of counsel by a preponderance of the evidence. *See United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). Generally, courts should first address "whether the assumed deficient conduct of counsel prejudiced the defendant." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993); *see also Travillion v. United States*, No. 10-903, 2012 WL 5354530, at *5 (W.D. Pa. Oct. 29, 2012) (acknowledging the Third Circuit's preference for examining the prejudice prong of Strickland before evaluating whether counsel's performance was deficient, and that if a petitioner cannot meet his burden of proof on the one prong there is no need to address the other). Once a petitioner establishes prejudice he must then demonstrate counsel's actions were both subjective and objectively deficient under the circumstances. *See Thomas v. Varner*, 428 F.3d 491, 499 n.6 (3d Cir. 2005) (discussing the objective and subjective facets of deficiency).

First, Rawlins objects to the Report's recommendation that trial counsel's failure to seek dismissal of the charges based on a violation of the Speedy Trial Act (Act) did not constitute ineffective assistance of counsel. Rawlins argues his counsel was ineffective for failing to move to dismiss the indictment against him when the District Court failed to state on the record its reasoning for granting continuances that serve the "ends of justice" as required by statute. The

Act provides that although a defendant must be brought to trial within 70 days of either his indictment or initial appearance, certain periods of delay may be excluded from those 70 days, such as where the delay results from a continuance granted by a judge that serves "the ends of justice." 18 U.S.C. § 3161(h)(7)A. The ends of justice exclusion "is permissive, rather than automatic, meaning that the delay will not be excludable under the Act unless the court sets forth its findings (orally or in writing) that the 'ends of justice' are served and outweigh the interests of the defendant and the public in a speedy trial." *Reid v. United States*, 871 F. Supp. 2d 324, 334 (D. Del. 2012) (citing *Zedner v. United States*, 547 U.S. 489, 498 (2006)). A continuance granted without properly explained reasons is "not an excludable item." *United States v. Brooks*, 697 F.2d 517, 520 (3d Cir. 1982).

The Report notes that Rawlins "fails to identify any orders improperly excluding time from the speedy trial calculation due to the district court's failure to provide a statement of reasons." Report 7-8. Rawlins responds to this assertion by arguing the record does not refute his assertion that the District Court failed to make findings explaining the "ends of justice" continuances. He does not, however, explain which order (or orders) improperly excluded time from the speedy trial calculation, and fails to point out any specific instance where the Court acted improperly.[6] *See United States v. George*, No. 03-020, 2011 WL 5110409, at *5 (D.V.I. Oct. 26, 2011) (refusing to "construct, not just liberally construe," petitioner's § 2255 claim, where he provided the court a laundry list of legal errors but failed to point to specific errors he believed his counsel made). Having failed to further clarify this claim, Rawlins does not

---

[6] It is not clear whether Rawlins is referring to a single continuance or multiple continuances.

demonstrate his counsel's performance was deficient when counsel decided not to seek dismissal of the charges on that basis.[7]

Rawlins next objects to the Report's recommendation that trial counsel's failure to properly cross-examine three of the principal witnesses did not constitute ineffective assistance of counsel. Rawlins argues these witnesses "made grossly inconsistent prior statements," such that had his counsel properly impeached the witnesses, reasonable doubt would have been established. Pet'r's Resp. 5. In certain circumstances, trial counsel's failure to impeach a witness with a prior inconsistent statement may constitute ineffective assistance. *See Moore v. Sec'y Pa. Dept. of Corr.*, 457 F. App'x 170, 182 (3d Cir. 2012) (finding that "counsel's failure to introduce evidence that contradicts a key witness's trial testimony is patently unreasonable"). Even if this Court assumes counsel acted unreasonably and deficiently by failing to impeach these three witnesses, however, Rawlins has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Rawlins argues that there is no "unequivocal evidence setting forth that Petitioner was guilty of all of the conduct he was accused of in the indictment," and that counsel's failure to impeach was "by definition" ineffective assistance of counsel. Pet'r's Resp. 6-7. This, however, is not the standard established by *Strickland*. A petitioner must demonstrate prejudice, i.e., "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. Here, the testimony of the three cooperating

---

[7] Because Rawlins failed to establish a violation of the Act, his counsel's performance was not deficient. Consequently, the proceedings were fair and Rawlins was not prejudiced. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (acknowledging the question of prejudice hinges upon whether the result of the proceeding was fundamentally unfair or unreliable).

witnesses was not the only evidence against Rawlins. During trial, the Government presented a recording of a conversation in which Rawlins discussed the smuggling scheme. A fourth cooperating witness, who did not have a prior inconsistent statement, also testified against Rawlins. In addition, federal agent Darnell Blake testified about his investigation with the scheme, and corroborated the testimony of one of the cooperating witnesses. Rawlins does not address the recording, the testimony of the fourth cooperating witness, or the corroborating testimony of the federal agent in his response to the Report and makes no argument that despite this additional evidence, impeachment of the three witnesses would have created "a reasonable doubt respecting guilt." *Id.* Because Rawlins failed to established he was prejudiced by his counsel's failure to impeach the cooperating witnesses with prior inconsistent statements, his objection is without merit.

Rawlins also raises a new ineffective assistance of counsel claim in his objections, asserting that he was prejudiced by his counsel's failure to conduct proper discovery to determine the extent of the prosecution's arrangement with the cooperating witnesses. Generally, parties are not allowed to raise a new issue in their objections. *Witmer v. Arthur J. Gallagher & Co*, No. 08-1329, 2009 WL 904877, at *3 (M.D. Pa. Mar. 31, 2009) (finding "interests of judicial economy" weigh against allowing a party to raise a new issue that was not raised before the Magistrate Judge (citing *Paterson-Leitch Co., v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988))). There is no reason Rawlins could not have presented this issue to Magistrate Judge Miller. Accordingly, the Court need not consider this objection.

Rawlins's next objection is based on the Report's recommendation that his counsel's failure to object to the disparity in the length of his sentence as compared to his co-defendants,

did not amount to ineffective assistance of counsel. Rawlins essentially argues the Court acted inappropriately by giving him a sentence that was significantly greater than the sentences of his co-defendants, and his counsel was ineffective for failing to object to this error. Courts are obligated to consider a number of factors when imposing a sentence, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Rawlins argues that nowhere in 18 U.S.C. § 3553(a) does Congress state that sentences must be consistent "nationwide," i.e., across all cases of the same type, implying that sentences must be consistent within the same case. Pet'r's Resp. 8. Thus, Rawlins argues, by failing to ensure his sentence was comparable to his co-defendants, the Court essentially punished him for exercising his constitutional right to go to trial. As related to Rawlins's counsel, counsel did in fact raise the issue of a potential disparity during Rawlins's sentencing hearing on June 30, 2008. However, even if the issue had not been raised by counsel, the failure to do so would not have been prejudicial because, under Third Circuit precedent, § 3553(a) does not ensure sentences within the same case are consistent. *See United States v. Henry*, 310 F. App'x 498, 500 (3d Cir. 2009) ("[A] defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences," because "Congress's primary goal in enacting § 3553(a)(6) was to promote natural uniformity in sentencing rather than uniformity among co-defendants in the same case." (internal citations and quotation marks omitted)). While a court must consider the need to avoid sentencing disparities at the national level, "a criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants." *United States v. Parker*, 462 F.3d 273, 276 (3d Cir. 2006) (quoting *United States v. Hart*, 273 F.3d 363, 379 (3d Cir.

2001). Furthermore, Rawlins provides no support for his assertion that his disparate sentence punished him for exercising his right to go to trial. There are many reasons why a sentence between co-defendants may differ and Rawlins provides no reasons or evidence regarding how his sentence was intended to punish him. *See e.g., Henry*, 310 F. App'x 498, 499 (3d Cir. 2009) (recognizing legitimate reasons for a disparate sentences between co-defendants where the other defendants cooperated and the Government made downward departure motions for them); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) (noting "a sentencing difference is not a forbidden 'disparity' if it is justified by legitimate considerations, such as rewards for cooperation"). The existence of a sentencing disparity does not automatically suggest a sentence is punitive. Because the Court is not required to measure Rawlins sentence against his co-defendants and Rawlins has presented nothing to suggest his sentence was improperly motivated, he has suffered no prejudice and his objection is without merit.

Rawlins's last objection based on ineffective assistance of trial counsel is that the Report incorrectly recommended this counsel was not ineffective for failing to move for a new trial because of the admission of perjured testimony. This claim is in regards to the testimony of the co-defendants Rawlins alleges his counsel failed to properly impeach. Rawlins essentially makes two claims. First, he asserts his counsel's failure to object to the perjured testimony of the three cooperating witnesses prejudiced him. Secondly, once the perjured testimony became a part of the record, counsel acted deficiently by failing to move for a new trial.

Without first establishing the testimony was perjured, Rawlins cannot claim his counsel was deficient for failing to move for a new trial. Perjury occurs where a witness "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather

9

than as a result of confusion, mistake, or faulty memory." *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).  As noted in the Report, Rawlins's motion relies on a conclusory assertion that the cooperating witnesses committed perjury, focusing solely on the inconsistent testimony of the cooperating defendants. In his response, Rawlins provides no further support for this assertion, and merely repeats his argument that the prior inconsistent statements establish the witnesses' testimony is untrue. Thus, Rawlins makes no other argument than that the witnesses' testimony was inconsistent, which is not enough to establish the witnesses' provided false testimony, let alone had a willful intent to provide such testimony.  *See Lambert v. Blackwell*, 387 F.3d 210, 249 (3d Cir. 2004) ("Discrepancy is not enough to prove perjury.  There are many reasons testimony may be inconsistent; perjury is only one possible reason."); *Jones v. Kyler*, No. 02-9510, 2005 WL 5121659, at *8 (E.D. Pa. Aug. 3, 2005) ("[M]ere inconsistencies in testimony fall short of establishing perjury and most certainly do not establish that the government knowingly utilized perjured testimony." (quoting *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997))). Moreover, as established above, Rawlins was not prejudiced by the admission of this testimony because he has not been able to show that but for this evidence he would have been acquitted.[8] Accordingly, Rawlins's objection to the Report's recommendation that his counsel was ineffective for failing to move for a new trial based on the admission of perjured testimony is without merit.

Rawlins next objects to the Report's recommendation that his appellate counsel was not ineffective for failing to properly raise issues of the sentencing disparity, minor role reduction, and prosecutorial misconduct on direct appeal.  Rawlins asserts his appellate counsel did "not

---

[8] Rawlins again fails to address the Government's additional evidence against him.

follow the wishes of the client in pursuing issues that were clearly significant and non-frivolous." Pet'r's Resp. 11. The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. *See United States v. Cross*, 308 F.3d 308, 315 nn.11-12 (3d Cir. 2002) (holding the *Strickland* standard applies to appellate counsel). In order for a petitioner to establish ineffective assistance of appellate counsel, the petitioner must show (1) appellate counsel's representation "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability—a probability sufficient to undermine confidence in the outcome, but less than a preponderance of the evidence—that his appeal would have prevailed had counsel's performance satisfied constitutional requirements." *Id*. (internal citations and quotation marks omitted). In other words, the "test for prejudice under *Strickland* [as applied to appellate counsel] is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal." *United States v. Schwartz*, 925 F. Supp. 2d 663, 685 (E.D. Pa. 2013) (quoting *United States v. Mannino*, 212 F.3d 835, 844 (3d Cir. 2000)). Moreover, because appellate counsel need not raise every possible claim on appeal and has discretion to focus on the issues most likely to prevail, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *see also United States v. Mangiardi*, 173 F. Supp. 2d 292, 317 (M.D. Pa. 2001) ("To show that appellant counsel was deficient . . . [a defendant] must do more than show that counsel failed to raise every non-frivolous issue, for an appellate counsel is under no obligation to raise all issues, but may pick and choose so as to maximize the chances of a successful appeal." (quoting *United States v. Williams*, 166 F. Supp. 2d 286, 305 (E.D. Pa. 2001))).

The claims Rawlins argues his appellate counsel failed to raise were meritless, thus appellate counsel did not act unreasonably or deficiently by failing to raise these arguments. *See Mangiardi*, 173 F. Supp. 2d at 317 (finding where a defendant's claims were meritless, appellate counsel did not act unreasonably by failing to raise any of them on direct appeal); *cf. Kane v. Kyler*, 201 F. Supp. 2d 392, 399-401 (E.D. Pa. 2001) (finding appellate counsel acted unreasonably by failing to raise the "one sure winner" on appeal). First, with regards to his sentencing disparity claim, as established above, 18 U.S.C. § 3553(a)(6) does not require the sentencing court to compare the sentences of co-defendants. *See Parker*, 462 F.3d at 276. Next, Rawlins contends appellate counsel was ineffective for failing to raise on direct appeal the District Court's denial of his request for a minor role reduction pursuant to section 3B1.2 of the United States Sentencing Guidelines on appeal. Section 3B1.2 provides for a sentencing reduction if a defendant was a "minor participant." U.S.S.G. § 3B1.2(b). At sentencing, Rawlins's trial counsel sought a downward departure pursuant to this section, which the Court rejected, based on its finding that Rawlins's role was not minor.[9] In his response, Rawlins argues his counsel should have raised the issue because the above-reference perjured testimony assigned additional facts falsely enlarging the scope of his role in the scheme. As this Court has already discussed, however, Rawlins failed to demonstrate that this testimony was actually perjured and he states no other grounds why he was entitled to a minor role reduction.

Finally, Rawlins contends his appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct based on the Government's use of perjured testimony at trial.

---

[9] At Rawlins's sentencing hearing, the Court incorporated findings from its April 2008 opinion (dealing with defendants' post-trial motions) regarding the nature of Rawlins's participation in the scheme. Sent. Hr'g Tr. 39, June 30, 2008. These findings included Rawlins's knowledge of the exact nature of physical participation in the scheme. Additionally, the Court incorporated its findings regarding the audio recording confirming Rawlins's "knowledge, intent to agree, and participation in the conspiracy." Mem. Op. at 32-33, ECF. No. 869.

It would constitute prosecutorial misconduct for the Government to have knowingly issued perjured testimony. *Lambert*, 387 F.3d at 242. Moreover, "[a] failure to object to prosecutorial misconduct can constitute ineffective assistance of counsel." *Alexander v. Shannon*, 163 F. App'x 167, 173 (3d Cir. 2006) (citing *Gravley v. Mills*, 87 F.3d 779, 785-86 (6th Cir. 1996)). As established above, Rawlins has failed to demonstrate the Government presented perjured testimony as part of its case. *See United States v. Mershon*, No. 10-1861, 2010 U.S. 4104665, at *8 (E.D. Pa. Oct. 19, 2010) ("The mere presence of inconsistent statements . . . does not establish that the prosecutor wilfully presented perjured testimony."). Furthermore, in Rawlins's response to the Report he presents no further evidence that the Government knowingly presented perjured testimony; instead, he again relies on the alleged inconsistent nature of the witnesses' statements. Even if Rawlins had established that the Government knowingly used perjured testimony, however, once again Rawlins does not address the other evidence against him and therefore, has not shown a reasonable likelihood that the false testimony would have likely led to a remand had the issue been raised on direct appeal. *See Schwartz*, 925 F. Supp. 2d at 685. Accordingly, Rawlins's objection based on the Report's recommendations regarding his claims of ineffective assistance of appellate counsel is without merit.

Finally, Rawlins objects to the Report on the grounds that he is actually innocent and he was convicted on the basis of perjured testimony. In order to prevail on a claim of actual innocence a petitioner must show (1) new reliable evidence not available for presentation at the time of the challenged trial, and (2) it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence. *House v. Bell*, 547 U.S. 518, 537 (2006). Rawlins has not presented any new evidence in either his initial § 2255 motion or the response to

the Report.  Rather, Rawlins merely argues the previously discussed perjured testimony "irretrievably tainted the prosecution['s] case."  Pet'r's Resp. 13.  This is not sufficient to sustain a claim of actual innocence and, as discussed above, Rawlins has not actually demonstrated the relevant testimony was perjured.  Accordingly, Rawlins's objection is without merit.

Rawlins has also failed to establish he is entitled to an evidentiary hearing or to appointment of counsel. A petitioner is entitled to an evidentiary hearing *unless* "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Whether the files, and records show the petitioner is not entitled to relief is within "the sound discretion of the district court."  *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980).  Here, the record establishes Rawlins is not entitled to a hearing because his claims of ineffective assistance counsel and actual innocence are wholly without merit.  Because Rawlins is not entitled to an evidentiary hearing, he is also not entitled to have counsel appointed.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding there is no federal constitutional right to counsel on a collateral attack, and the decision to appoint counsel is within the discretion of the court).  Accordingly, Rawlins's requests for an evidentiary hearing and appointment of counsel are denied.

Having reviewed and considered each of Rawlins's objections to the Report and Recommendation, and having determined each of those objections lacks merit, this Court overrules Rawlins's objections.  The Court will adopt the Report and dismiss Rawlins's § 2255 motion.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.